**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

| | | |
|---|---|---|
| Reginald Kirtz, | : | |
| | : | |
| Plaintiff | : | Civil Action No. 2:20-cv-5231 |
| v. | : | |
| | : | |
| Trans Union, LLC, et al. | : | **Jury Trial Demanded** |
| | : | |
| Defendants | : | |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2021, upon consideration of Co-Defendant, USDA's Motion to Dismiss, and Plaintiff's Response in Opposition thereto, it is hereby ORDERED and DECREED that Defendant's Motion is DENIED.

**AND IT IS SO ORDERED.**

_____
J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

| | | |
|---|---|---|
| Reginald Kirtz, | : | |
| | : | |
| Plaintiff | : | Civil Action No. 2:20-cv-5231 |
| v. | : | |
| | : | |
| Trans Union, LLC, et al. | : | **Jury Trial Demanded** |
| | : | |
| Defendants | : | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO
## CO-DEFENDANT, USDA'S MOTION TO DISMISS

Incorporating by reference Plaintiff's attached Memorandum of Law, Plaintiff

respectfully requests this Honorable Court deny Co-Defendant, USDA's Motion to Dismiss.

WHEREFORE, Plaintiff, Kirtz respectfully requests this Honorable Court deny Co-

Defendant, U.S. Department of Agriculture's Motion to Dismiss-consistent with the attached

proposed Order.


WEISBERG LAW


*/s/ Matthew B. Weisberg*
Matthew B. Weisberg, Esquire
Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION**

| | | |
|---|---|---|
| Reginald Kirtz, | : | |
| | : | |
| Plaintiff | : | Civil Action No. 2:20-cv-5231 |
| v. | : | |
| | : | |
| Trans Union, LLC, et al. | : | **Jury Trial Demanded** |
| | : | |
| Defendants | : | |

### <u>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO CO-DEFENDANT, USDA'S MOTION TO DISMISS</u>

Pursuant to the First Amended Complaint ("FAC," ¶¶ 2 & 47), Plaintiff, Kirtz avers Co-Defendant/Movant, USDA's jurisdiction pursuant to 15 U.S.C. § 1681a(b).

The FCRA defines "person" as "any … government or governmental subdivision or agency, or other entity". <u>Id</u>.

As admitted by the USDA, <u>Bormes v. U.S.</u>, 759 F.3d 793 (C.A.7 2014) held the FCRA's above-definition of *person* was a waiver of sovereign immunity.

"Congress need not add 'we really mean it!' to make statutes effectual." <u>Bormes</u>, at 796.

Notably, Movant's citation of <u>Meyers v. Oneida, et al.</u>, 836 F.3d 818 belies its FRCP 12(b)(1) jurisdictional argument – e.g., "… sovereign immunity is not … jurisdictional …" <u>Id</u>., at 822.

As to <u>Meyers</u>, same regarded tribal <u>not</u> governmental immunity with regard to a violation of FACTA, 15 U.S.C. § 1681c(g)(1) – notwithstanding FACTA and <u>Meyers</u> regards "person" as defined by 15 U.S.C. § 1681a(b).

<u>Meyers</u>' Plaintiff-Appellant attempted to squeeze tribes under FACTA's definition of person – i.e., "any … government": instantly inapposite factually (especially as to "governmental agency"). <u>Meyers</u>, at 824.

To wit, <u>Meyers</u> was specifically discussed in <u>Douglas Indian Association v. Central Council of Tlingit, et al</u>., 403 P.3d 1172 (Al. 2017) – where tribal sovereign immunity was deemed "quasi-jurisdictional." <u>Id.</u>, at 1178.

Thus, USDA's argument that <u>Meyers</u> "backed away from <u>Bormes</u>" (MTD, <u>p</u>.6.) is incorrect as a matter of progeny.

Plaintiff concedes USDA's argument that the 4th and 9th Circuits are in accord with USDA. <u>Robinson v. U.S. Dept. Educ</u>., 917 F.3d 799 (C.A.4); <u>Daniel v. NAP'l. Park Serv</u>., 891 F.3d 762 (C.A.9 2018).

However, at least in material part, both the 4th and 9th Circuits relied on the 7th Circuit's <u>Meyers</u>– which <u>Meyers</u> reading as to <u>Bormes</u> has above been discussed as contrary.

There is no clearer reading of "person" as including the USDA as 15 U.S.C. §1681(a)(b). *See generally*, <u>U.S. v. Mitchell</u>, 445 U.S. 535, 539 (1980).

In all, however, if this Honorable Court holds consistent with USDA arguments – thus, <u>splitting</u> from the 7th Circuit, Plaintiff respectfully requests this Honorable Court's order be immediately certified to the Third Circuit. Practically, there will be no resolution as against the USDA until the Third Circuit speaks as to this then Circuit split– better sooner than later.

WHEREFORE, Plaintiff, Middleton respectfully requests Co-Defendant, USDA's Motion to Dismiss be denied. In the alternative, Plaintiff respectfully requests this issue be certified to the Third Circuit.

WEISBERG LAW

*/s/ Matthew B. Weisberg*
Matthew B. Weisberg, Esquire
Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION**

| | | |
|---|---|---|
| Reginald Kirtz, | : | |
| | : | |
| Plaintiff | : | Civil Action No. 2:20-cv-5231 |
| v. | : | |
| | : | |
| Trans Union, LLC, et al. | : | **Jury Trial Demanded** |
| | : | |
| Defendants | : | |

## <u>CERTIFICATE OF SERVICE</u>

I, Matthew B. Weisberg, Esquire, hereby certify that on this 26th day of January, 2021, a

true and correct copy of the foregoing Plaintiff's Response in Opposition to Co-Defendant,

USDA's Motion to Dismiss was served via ECF, upon the following parties:

Evan R. Rutter, Esquire
Schuckit & Associates PC
4545 Northwestern Dr
Zionsville, IN 46077
317-363-2400
erutter@schuckitlaw.com

Casey Green, Esquire
Sidkoff, Pincus & Green, P.C.
1101 Market Street
2700 Aramark Tower
Philadelphia, PA 19107
215-574-0600
cg@sidkoffpincusgreen.com

Andrew J. Petsu, Jr., Esquire
PHEAA
1200 N 7th Street
Harrisburg, PA 17102
717-720-2227
apetsu@pheaa.org

Paul J. Koob, Esquire
U.S. Attorney's Office
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106
215-861-8432
paul.koob@usdoj.gov

WEISBERG LAW

*/s/ Matthew B. Weisberg*
Matthew B. Weisberg, Esquire
Attorney for Plaintiff