| REGINALD KIRTZ | : | CIVIL ACTION |
| --- | --- | --- |
| **Plaintiff,** | : | |
| | : | No.: 20-5231 |
| v. | : | |
| | : | |
| TRANS UNION, LLC, et al. | : | |
| | : | |
| **Defendants** | : | |
| | : | |

# <u>ORDER</u>

AND NOW, this _____ day of _____, 2021, upon consideration of Plaintiff's Motion to Certify this Court's Order granting Co-Defendants, U.S., et al.'s Motion to Dismiss, and any response thereto, it is hereby ORDERED and DECREED Plaintiff's Motion is GRANTED, and the Order is CERTIFIED for immediate interlocutory appeal pursuant to 28 U.S.C.A. § 1292(b).

The subject Order is amended to seek review of the following question presented:

> Whether Co-Defendant, U.S., et al. is immune from civil prosecution under the Fair Credit Reporting Act.

**AND IT IS SO ORDERED**.

_____
J.

IN THE UNITED STATES DISTRICT COURT
                  FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **REGINALD KIRTZ** : | CIVIL ACTION |
| Plaintiff, : | |
| : | No.: 20-5231 |
| v. : | |
| **TRANS UNION, LLC, et al.** : | |
| Defendants : | |

# PLAINTIFF'S MOTION TO AMEND ORDER GRANTING CO-DEFENDANT U.S., ET AL.'S MOTION TO DISMISS FOR IMMEDIATE INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C.A. § 1292(B)

Upon consideration of the attached Memorandum of Law, Plaintiff respectfully requests this Honorable Court certify its )Order granting Co-Defendant, U.S., et al.'s Motion to Dismiss for immediate interlocutory appeal – consistent with the attached proposed order.

                                        WEISBERG LAW

                                        */s/ Matthew B. Weisberg*
                                        Matthew B. Weisberg, Esquire
                                        Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **REGINALD KIRTZ** | : | CIVIL ACTION |
| Plaintiff, | : | No.: 20-5231 |
| v. | : | |
| **TRANS UNION, LLC, et al.** | : | |
| Defendants | : | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND ORDER GRANTING CO-DEFENDANT U.S. ET AL.'S MOTION TO DISMISS FOR IMMEDIATE INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C.A. § 1292(B)

On May 4, 2021, this Honorable Court granted Co-Defendant, U.S., et al.'s Motion to Dismiss holding therein, *inter alia*, that said Defendant is immune from civil prosecution under the Fair Credit Reporting Act ("FCRA"). (Doc. No. 30).

Under 28 U.S.C. § 1292(b), an interlocutory appeal should be allowed if: (1) a controlling question of law is involved; (2) the question is one where there is substantial ground for difference of opinion; and (3) an immediate appeal would materially advance the ultimate termination of the litigation. Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (C.A. 3 1974).

In its opinion, this Court held certain circuits' analyses favored towards instant dismissal thereby rejecting other ("split") circuits.

Undersigned counsel recently appeared before the United States Supreme Court in an analogous matter, Rotkiske v. Klemm, 589 U.S. – (2019) to resolve a similar (but even less pronounced) circuit split (there as regards the Fair Debt Collection Practices Act ["FDCPA"] statute of limitations sur "discovery rule").

Instantly, in the first instance, there exists a substantial ground for difference of opinion: as evident by the split circuits.

Like evident is that there exists a controlling issue of law: whether Co-Defendant is immune from civil prosecution under the FCRA.

To wit, so controlling is that Co-Defendant has been dismissed. *See generally*, <u>Katz</u>, at 155.

As to whether certification for interlocutory appeal would materially advance the termination of the litigation, it should be noted that Plaintiff is not here asking for stay of litigation (as is common in motions under sections of 1292(b)), nor is Plaintiff seeking to certify an issue not resulting in dismissal (i.e., a central but non-terminating issue).

Certainly, an appeal of the termination of a data furnisher/Co-Defendant's dismissal – without remaining stay – would materially advance the termination of the litigation as to the data furnisher; otherwise, those parties need wait until the conclusion of remaining Defendants' termination/settlement (on different grounds) merely to resolve the instant question proposed as to a dismissed party.

Indeed, the novelty and thus matter of first impression within the Third Circuit (and its District Courts – such as instantly) provides ample grounds for certification, especially in light of all the above.

WHEREFORE, Plaintiff respectfully requests this Honorable Court certify its Order as amended for interlocutory appeal.

WEISBERG LAW

*/s/ Matthew B. Weisberg*
Matthew B. Weisberg, Esquire
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
                    FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **REGINALD KIRTZ** | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | No.: 20-5231 |
| v. | : | |
| | : | |
| **TRANS UNION, LLC, et al.** | : | |
| | : | |
| Defendants | : | |
| | : | |

## CERTIFICATE OF SERVICE

      I, Matthew B. Weisberg, Esquire, hereby certify that on this 11th day of May, 2021, a true and correct copy of the foregoing Plaintiff's Motion to Amend Order Granting Co-Defendant, U.S., et al.'s Motion to Dismiss for Immediate Interlocutory Appeal Pursuant to 28 U.S.C.A. § 1292(b) and Memorandum of Law in Support thereof were served via ECF, upon the following parties:

Evan R. Rutter, Esquire
Schuckit & Associates PC
4545 Northwestern Dr
Zionsville, IN 46077
317-363-2400
erutter@schuckitlaw.com

Casey Green, Esquire
Sidkoff, Pincus & Green, P.C.
1101 Market Street
2700 Aramark Tower
Philadelphia, PA 19107
215-574-0600
cg@sidkoffpincusgreen.com

Andrew J. Petsu, JR., Esquire
PHEAA
1200 N 7th Street
Harrisburg, PA 17102
717-720-2227
apetsu@pheaa.org

Paul J. Koob, Esquire
U.S. Attorney's Office
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106
215-861-8432
paul.koob@usdoj.gov

                        WEISBERG LAW

                        */s/ Matthew B. Weisberg*
                        Matthew B. Weisberg, Esquire
                        Attorneys for Plaintiff